STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**Auto Metal Craft, Inc.,**
a Michigan corporation,

    Plaintiff,

v

**Bollinger Motors, Inc.,**
a Delaware corporation,

    Defendant.

Case No. 2025-213386-CB

Hon. JUDGE MICHAEL WARREN

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

---

Eric J. Minch (P80926)
**The Miller Law Firm, P.C.**
Attorneys for Plaintiff
950 West University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200
ejm@millerlawpc.com

Robert C. Shaver (P40166)
Elizabeth M. Badovinac (P86254)
J. Clayton Burnheimer (P87204)
**Rhoades McKee, PC**
Counsel for Plaintiff
55 Campau Ave NW, Suite 300
Grand Rapids, MI 49503
(616) 235-3500
rcshaver@rhoadesmckee.com
ebadovinac@rhoadesmckee.com
cburnheimer@rhoadesmckee.com

---

## COMPLAINT

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT.

Plaintiff Auto Metal Craft, Inc., a domestic corporation, by and through its counsel, for its Complaint against Defendant Bollinger Motors, Inc., states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Auto Metal Craft, Inc. ("Plaintiff" or "AMC") is a Michigan corporation with a principal place of business located in Oakland County, State of Michigan.

2. Defendant Bollinger Motors, Inc. ("Defendant" or "Bollinger") is a Delaware corporation with a registered address in Wayne County, Michigan, and that conducts business in Oakland County, Michigan.

3. The majority of the events giving rise to this complaint occurred in Oakland County, Michigan.

4. The parties have agreed to the venue of Oakland County, Michigan.

5. Plaintiff seeks damages in an amount greater than $25,000.00, exclusive of statutory interest, costs, and fees.

6. This case meets the statutory requirements to be assigned to the business court under MCL 600.8031(1)(c)(i) and MCL 600.8031(2)(d), as this is a matter in which all of the parties are business enterprises, and this is a matter involving a contractual agreement/other business dealing.

7. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

8. AMC incorporates all the foregoing allegations by reference.

9. AMC is a prototype automobile production supplier.

10. Bollinger is an electric vehicle company that created and has attempted to sell electric vehicles, including what it claims to be the "highest-performing Class 4 electric truck in history."

11. On March 8, 2024, Bollinger issued a Blanket Purchase Order ("Purchase Order"), under which AMC would manufacture and deliver a number of different parts for Bollinger's electric vehicles. **Exhibit 1**.

12. The Purchase Order was subject to Bollinger's Terms and Conditions, which are attached as **Exhibit 2**.

13. Pursuant to the Terms and Conditions of the parties' agreement, the seller, AMC, was to deliver a type and quantity of parts according to "releases" issued by Bollinger. *Id.* at ¶ 3.

14. Bollinger executed one such "release" on or around June 2024, ordering a total of 7,680 parts from AMC. **Exhibit 3**.

15. In accordance with the release, AMC produced approximately half the requested parts in June 2024. *Id.*

16. AMC delivered and invoiced Bollinger for these parts in July, August, September, and October. See **Exhibit 4**, Invoices; **Exhibit 5**, Accounts Receivable Aging Report.

17. Pursuant to the Terms and Conditions, Bollinger had 45 days to pay the invoices.

18. Bollinger accepted this first shipment of goods.

19. Thereafter, complying with the release (Exhibit 3), AMC produced the rest of the requested parts in October 2024.

20. Because of Bollinger's failure to pay the July, August, September, and October invoices, AMC "held" the remaining parts.

21. On February 12, 2025, in response to AMC's request for payment of its overdue invoices, Bollinger revealed to AMC that it was insolvent, and that its insolvency has made "paying our suppliers impossible." **Exhibit 6**, Email Chain.

22. To date, and past the 45 days provided in the Terms and Conditions, Bollinger has failed to pay $728,329.80 for the parts it ordered from AMC. *See* Exhibits 4-5.

### COUNT I – BREACH OF CONTRACT / ANTICIPATORY REPUDIATION

23. AMC incorporates all the foregoing allegations by reference.

24. AMC fully performed the obligations under the terms of the contract between the parties.

25. Bollinger breached the contract between the parties in numerous ways, including but not limited to failing to make payments when due and failing to honor its releases.

26. Bollinger has further breached its obligation of good faith and fair dealing in numerous ways, including but not limited to failing to notify AMC of its insolvency in a timely manner and providing false assurances that it expected to pay its overdue invoices.

27. Bollinger has otherwise repudiated the contract with respect to the second shipment of goods, revealing that it is insolvent and cannot pay its suppliers, like AMC.

28. As a result of Bollinger's numerous breaches of contract and/or repudiation, AMC has been damaged in the amount of $728,329.80, not including interest and attorney fees.

WHEREFORE, AMC requests this Court to award it damages in the amount of $728,329.80, plus interest, costs, and attorney fees permitted by law and such other and different relief as the Court deems warranted under the circumstances.

### COUNT II – QUANTUM MERUIT / UNJUST ENRICHMENT

29. AMC incorporates all the foregoing allegations by reference.

4

complaint

30. This count is pled in the alternative.

31. Bollinger received benefit from AMC when AMC fulfilled its obligations under the agreement between the parties by producing the parts ordered by Bollinger.

32. It would be inequitable for Bollinger to retain such benefits without paying AMC for these parts.

WHEREFORE, AMC requests this Court to award it damages in the amount of $728,329.80, plus interest, costs, and attorney fees permitted by law and such other and different relief as the Court deems warranted under the circumstances.

### COUNT III – ACTION FOR PRICE (MCL 440.2709)

33. AMC incorporates all the foregoing allegations by reference.

34. Bollinger failed to pay AMC's invoices as they came due.

35. To date, Bollinger owes AMC $728,329.80, which includes the following:

   a. The value of goods accepted for which Bollinger failed to pay; and/or

   b. The value of goods identified to the contract, which – because they are unique to and manufactured specifically for Bollinger's electric vehicles – cannot be resold at a reasonable price, and the circumstances reasonably indicate that such effort will be unavailing.

WHEREFORE, AMC requests this Court to award it damages in the amount of $728,329.80, plus interest, costs, and attorney fees permitted by law and such other and different relief as the Court deems warranted under the circumstances.

### COUNT IV – OPEN ACCOUNT/ACCOUNT STATED

36. AMC incorporates all the foregoing allegations by reference.

complaint

37. At Bollinger's request, AMC sold and produced certain goods and services on open account and on Defendant's promise to pay for them.

38. AMC sent timely and frequent invoices and statements for all of the above-mentioned parts/services as shown through Exhibits 4 and 5.

39. Bollinger never provided AMC with any notice (written or otherwise) that it disputed owing AMC the requested amount for the parts produced/services rendered.

40. To the contrary, Bollinger agreed that the amounts reflected on the Invoices were due.

41. Bollinger has not paid the balance owing on the account, despite AMC's demands for payment.

42. Bollinger is indebted to AMC for at least the undisputed amount of $728,329.80, not including interest, costs, and attorney fees, and any other relief the Court deems fair and appropriate. See Exhibits 4, 5.

43. An affidavit verifying and attesting to the balance due on the account, incorporated by reference herein, is attached as Exhibit 7.

WHEREFORE, AMC requests this Court to award it damages in the amount of $728,329.80, plus interest, costs, and attorney fees permitted by law and such other and different relief as this Court deems warranted under the circumstances.

6

Respectfully Submitted,

Attorneys for Plaintiff

Dated: March 11, 2025

By: /s/ Eric J. Minch
Eric J. Minch (P80926)
The Miller Law Firm, P.C.
Attorneys for Plaintiff
950 West University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200
ejm@millerlawpc.com