# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT BOLLINGER, | |
| Plaintiff, | Case No. 2:25-cv-10790 |
| v. | Hon. Terrence G. Berg |
| BOLLINGER MOTORS, INC., | Mag. Anthony P. Patti |
| Defendant. | |
| _____/ | |

## ORDER APPOINTING RECEIVER

This matter having come before the Court upon Plaintiff Robert Bollinger's Emergency Motion to Appoint Receiver, brought pursuant to Rule 66 of the Federal Rules of Civil Procedure, for the assets, business, and operations of Defendant Bollinger Motors, Inc. ("Bollinger Motors") in the above-captioned action; the Court finding that, based on the record in these proceedings, good cause exists for the appointment of a receiver pursuant to the terms of the Note between the parties and applicable federal law that the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all the assets of Bollinger Motors, (the "Receivership Assets"); the Court finding that it has subject matter jurisdiction over this action and personal jurisdiction over Bollinger Motors, and venue properly lies in this district; the Court being otherwise duly advised in the premises:

1

IT IS ORDERED as follows:

1. The court takes exclusive jurisdiction and possession of the Receivership Assets of whatever kind and wherever situated, of or under the control of Bollinger Motors.

2. Until further Order of this Court, Eugene Kohut is hereby appointed to serve without bond as receiver (the "Receiver") for the estate of Bollinger Motors. The Receiver is appointed for the purpose of managing, protecting, preserving, operating, and selling some or all of the Receivership Assets for the benefit and protection of Robert Bollinger, Bollinger Motors, and Bollinger Motors' other creditors and stakeholders, and the Receiver is hereby granted and vested the powers identified in this Order or subsequent Orders of this Court including all powers reasonably incidental thereto. The Receiver's responsibilities include oversight of all aspects of the management, assets, and operation of Bollinger Motors' business, as well as the decision on whether to sell Bollinger Motors as a going concern, or to sell any or all of the Receivership Assets. For the avoidance of doubt, this receivership is over Bollinger Motors as a business entity, the Receivership Assets, any other collateral securing Bollinger Motor's obligations to Robert Bollinger and pledged to Robert Bollinger as security for the Note, and any assets that may be used or in connection with Bollinger Motors' business operations.

**Asset Freeze**

3. Except as otherwise specified herein, all Receivership Assets are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any Receivership Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing such assets. This freeze shall include, but not be limited to, Receivership Assets that are on deposit with financial institutions such as banks, brokerage firms, and mutual funds.

**General Powers and Duties of Receiver**

4. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and stockholders of Bollinger Motors under applicable state and federal law, by the bylaws, articles, and/or agreements in additional to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of Rule 66 of the Federal Rules of Civil Procedure and applicable federal statute.

5. The directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of Bollinger Motors are hereby dismissed and the powers of any stockholders, directors, officers, and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to

Bollinger Motors' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Bollinger Motors and shall pursue and preserve all of their claims.

6. No person holding or claiming any position of any sort with Bollinger Motors shall possess any authority to act by or on behalf of Bollinger Motors.

7. Subject to the specific provisions of this Order, the Receiver shall have the following general powers and duties:

    A.    To use reasonable efforts to determine the nature, location, and value of all property interests of Bollinger Motors, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which Bollinger Motors owns, possesses, has a beneficial interest in, or controls directly or indirectly;

    B.    To take custody, control, and possession of all Receivership Assets and records relevant thereto from Bollinger Motors; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Assets and records relevant thereto;

    C.    To manage, control, operate, and maintain the Receivership Assets, including the right to operate its business subject to a budget to be agreed upon by the Receiver and Robert Bollinger (the "Budget"), and hold in his possession, custody, and control all Receivership Assets pending further Order of this Court;

    D.    To use Receivership Assets for the purpose of making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E. To take any action which, prior to the entry of this Order, could have been taken by the stockholders, officers, directors, partners, managers, trustees, and agents of Bollinger Motors;

F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G. To take such action as necessary and appropriate for the preservation of the Receivership Assets or to prevent the dissipation or concealment of the Receivership Assets;

H. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against Bollinger Motors;

K. To transfer, compromise, sell, or otherwise dispose of any Receivership Asset, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the creditors of Bollinger Motors, and with due regard to the realization of the true and proper value of such Receivership Asset;

L. To borrow funds secured by the Receivership Assets, subject to the consent of Robert Bollinger;

M. To sell all or substantially all of the Receivership Assets as a going concern business, including via credit bid, subject to approval by the Court;

N. To take such other action as may be approved by this Court.

**Access to Information**

8. Bollinger Motors and its past or present officers, directors, agents, managers, stockholders, trustees, attorneys, accountants, and employees, as well as those acting in their place, are ordered and directed to preserve and turn over to the Receiver immediately all paper and electronic information of, and/or relating to, Bollinger Motors and/or all Receivership Assets; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

9. Bollinger Motors and its past or present officers, directors, agents, managers, stockholders, trustees, attorneys, accountants, and employees, as well as those acting in their place, and all other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of Bollinger Motors, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Bollinger Motors. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

**Access to Books, Records, and Accounts**

10. The Receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books, and records, and all other documents or instruments relating to Bollinger Motors. All persons and entities having control, custody, or possession of any Receivership Assets are hereby directed to turn such property over to the Receiver.

11. Bollinger Motors, as well as its agents, servants, officers, directors, employees, attorneys, any persons acting for on its behalf, and any persons receiving notice of this Order by personal service, electronic mail, or otherwise, having possession of the property, business, books, records, accounts, or assets of Bollinger Motors are hereby directed to deliver the same to the Receiver, his agents and/or employees.

12. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of Bollinger Motors that receive actual notice of this Order by personal service, email transmission, or otherwise shall:

> A. Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of Bollinger Motors except upon instructions from the Receiver;

      B.      Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

      C.      Within five (5) business days of receipt of this Order, file with the Court and serve on the Receiver a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of this Order; and

      D.      Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

### Access to Real and Personal Property

13.    The Receiver is authorized to take immediate possession of all personal property of Bollinger Motors, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media, or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

14.    The Receiver is authorized to take immediate possession of all real property of Bollinger Motors, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, e-mail transmission, or otherwise, all persons other than law enforcement officials acting within the scope of their official duties are (without

the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing, or erasing anything on such premises.

15. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described herein. The Receiver shall have exclusive control of the keys. Bollinger Motors, or any person acting or purporting to act on its behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

16. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of Bollinger Motors, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

### Notice to Third Parties

17. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, stockholders, creditors, debtors, and managers of Bollinger Motors, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

18. All persons and entities owning any obligation, debt, or distribution with respect Bollinger Motors shall, until further ordered by this Court, pay all such

obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Bollinger Motors had received such payment.

19. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of Bollinger Motors.

20. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of Bollinger Motors.

### **Injunction Against Interference with Receiver**

21. Bollinger Motors and all persons receiving notice of this Order by personal service, electronic mail or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A. Interfere with the Receiver's efforts to take control, possession, or management of any of the Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

      B.      Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

      C.      Dissipate or otherwise diminish the value of any of the Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Assets, enforcing judgments, assessments or claims against the Receivership assets, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date, of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by Bollinger Motors or which affects any Receivership Assets; or

      D.      Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over Bollinger Motors.

22.    Bollinger Motors shall cooperate with and assist the Receiver in the performance of his duties. The Receiver shall promptly notify the Court of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### **Liability of Receiver**

23.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

24.    The Receiver and his agents, acting within the scope of such agency, are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law,

11

judgment, or decree. In no event shall the Receiver nor his agents be liable to anyone for their good faith compliance with their duties and responsibilities.

25. This Court shall retain jurisdiction over any action filed against the Receiver or his agents based upon acts or omissions committed in their representative capacities.

### Recommendations and Reports

26. The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Assets. Within thirty (30) days of the entry date of this Order, the Receiver shall file a status report with the Court which shall include a summary of receivership activities to date and a proposed plan for administering the receivership going forward, including a proposed deadline by which the Receiver will submit a liquidation plan.

### Fees, Expenses, and Accountings

27. The Receiver need not obtain Court approval prior to the disbursement of funds for expenses in the ordinary course of the administration and operation of the receivership. Further, Court approval is not required for payments of applicable federal, state, or local taxes.

28. The Receiver is authorized to solicit persons and entities to assist him in carrying out the duties and responsibilities described in this Order. The Receiver

shall not engage any such persons or entities without first obtaining an Order of the Court authorizing such engagement.

29. The Receiver is entitled to reasonable compensation and expense reimbursement from the Receivership Assets. Such compensation shall require the prior approval of the Court, such approval of which shall be sought within twenty (20) days after the end of each calendar month. The Receiver's reasonable and necessary fees and expenses, including Receiver's attorneys', accountants', and other professionals' fees, shall be paid out of the Receivership Assets, or if the Defendants' Assets are not sufficient to pay such amounts, then Plaintiff shall pay them, subject to the Budget to be agreed to by Robert Bollinger and Receiver, conditioned upon Robert Bollinger's right in the event of any dispute to request the Court's determination of the amount to be paid.

30. At the close of the Receivership, the Receiver shall submit a final accounting, as well as the Receiver's final application for compensation and expense reimbursement.

SO ORDERED.

Dated: March _____, 2025

_____
UNITED STATES DISTRICT JUDGE

31069496v3