UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT BOLLINGER,

      Plaintiff,

-vs-

BOLLINGER MOTORS, INC.,

      Defendant.

_____/

Case No. 2:25-CV-10790
Hon. Terrence G. Berg
Mag. Judge Anthony P. Patti

## DEFENDANT'S MOTION TO QUASH SUBPOENA

On Sunday, March 30, 2025, counsel for Plaintiff Robert Bollinger ("Plaintiff") emailed counsel for Defendant Bollinger Motors, Inc. ("Defendant") a subpoena purporting to require the COO and President of Defendant (Bryan Chambers) to appear personally at a hearing scheduled the next morning (Monday, March 31, 2025 at 10:30 a.m.). **Ex. 1**, Subpoena.[1] The Subpoena also requests Mr. Chambers to produce "[e]very weekly financial update Bollinger Motors has prepared since January 1, 2025; any correspondence in your possession from Mullen Automotive regarding funding for Bollinger Motors you have received since January 1, 2025." *Id.*

---

[1] The Court did not schedule Plaintiff's emergency motion for an evidentiary hearing. The Court scheduled the matter for an ordinary motion hearing. *See* ECF No. 4, PageID.97 (setting a response date to the motion and motion hearing date).

As set forth in the accompanying Brief in Support, the Subpoena does not allow a reasonable time to comply pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i).  Serving a subpoena for personal appearance at a Monday morning hearing on a Sunday before the hearing does not afford a reasonable time to comply. Including a document request for every piece of paper Mr. Chambers has received from Mullen Automotive for the past three months does not allow for a reasonable time to comply.  Plaintiff has known about the hearing date since Tuesday, March 25, 2025, when this Court entered its Notice of Motion Hearing.  ECF No. 4, PageID.97.  Plaintiff could – and should have – issued the Subpoena on that date if he believed Mr. Chambers' testimony and the documents requested in the Subpoena were necessary for the motion hearing.[2] The Court should quash the Subpoena as failing to allow a reasonable time to comply.

Further, the Subpoena subjects Mr. Chambers and counsel for Defendant to an undue burden and, therefore, should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv).  Defendant has already been required to respond to an emergency motion on a fast-tracked basis, and the undersigned counsel is preparing for the hearing tomorrow.  Forcing Mr. Chambers and Defendant's counsel to

---

[2] The documents requested, which as explained below consist primarily of documents that Plaintiff already possesses, confirm that Plaintiff should not have rushed to Court on an "emergency" basis without evidentiary support for his request for a receiver.

2

expend time and resources responding to a Subpoena that requests documents and testimony issued on a Sunday before the Monday morning hearing constitutes an undue burden that should result in the Subpoena being quashed.  Indeed, upon information and belief, Plaintiff already possesses the documents requested in the Subpoena, further confirming the Subpoena imposes an undue burden.

For these reasons, which are set forth in more detail in the accompanying Brief in Support, Defendant respectfully requests that this Honorable Court QUASH the Subpoena issued to Bryan Chambers on Sunday, March 30, 2025.  Pursuant to Local Rule 7.1, counsel for Defendant sought concurrence in the requested relief from Plaintiff's counsel.  Concurrence was denied.

                                          Respectfully submitted:

                                          HOWARD & HOWARD ATTORNEYS PLLC

                                          By: /s/ *Miles T. Macik*
                                                Miles T. Macik (P63262)
                                                James E. Morgan (Fed ID: 90785074)
                                                Claire E. Montgomery (P87717)
                                                Attorneys for Defendant
                                                450 West Fourth Street
                                                Royal Oak, MI 48067-2557
                                                (248) 645-1483
                                                mtm@h2law.com

Dated:  March 30, 2025

4931-3711-8000, v. 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT BOLLINGER,

       Plaintiff,                             Case No. 2:25-CV-10790
                                               Hon. Terrence G. Berg
-vs-                                           Mag. Judge Anthony P. Patti

BOLLINGER MOTORS, INC.,

       Defendant.
_____/

**DEFENDANT'S BRIEF IN SUPPORT OF
ITS MOTION TO QUASH SUBPOENA**

i

## STATEMENT OF ISSUE PRESENTED

SHOULD THIS COURT QUASH A DOCUMENT AND TESTIMONIAL SUBPOENA ISSUED ON ONE DAY NOTICE, ON A SUNDAY, BECAUSE IT DOES NOT PROVIDE A REASONABLE TIME FOR COMPLIANCE AND IMPOSES AN UNDUE BURDEN ON DEFENDANT IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 45?

Defendant Answers "YES"

Plaintiff Answers "NO"

# MOST APPROPRIATE AUTHORITIES

*Verisign, Inc. v. XYZ.com, LLC*,
    No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772,
    2015 WL 7960976 (D. Del. Dec. 4, 2015).

*Lyons v. MY Pillow, Inc.*,
    2023 Fed. App'x 0506N (6th Cir. 2023).

Fed. R. Civ. P. 45(d)(3)(A)(i).

Fed. R. Civ. P. 45(d)(3)(A)(iv).

*Solek v. K & B Transp., Inc.*,
    No. 21-cv-10442, 2021 U.S. Dist. LEXIS 208877,
    2021 WL 504235 (E.D. Mich. Oct. 29, 2021).

## TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED ................................................................. ii

MOST APPROPRIATE AUTHORITIES ............................................................. iii

TABLE OF AUTHORITIES ...................................................................................v

I.   INTRODUCTION .............................................................................................1

II.  BACKGROUND ...............................................................................................2

III. LEGAL STANDARD ........................................................................................3

IV.  ARGUMENT .....................................................................................................4

    A.   The Subpoena Does Not Permit a Reasonable Time for Compliance Under Fed. R. Civ. P. 45(d)(3)(A)(i) ................................4

    B.   The Subpoena Imposes an Undue Burden on Mr. Chambers and Defendant Under Fed. R. Civ. P. 45(d)(3)(A)(iv) ................................5

V.   CONCLUSION ..................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*In re Novo Norodisk Sec. Litig.*, 530 F. Supp. 3d 495 (D. N.J. 2021) ........................6

*Lyons v. MY Pillow, Inc.*, 2023 Fed. App'x 0506N (6th Cir. 2023) ..........................6

*Shupe v. Rocket Cos.*, No. 1:21-cv-11528, 2024 U.S. Dist. LEXIS 177490, 2024 WL 4349173 (E.D. Mich. Sept. 30, 2024) ............................................................6

*Solek v. K & B Transp., Inc.*, No. 21-cv-10442, 2021 U.S. Dist. LEXIS 208877, 2021 WL 504235 (E.D. Mich. Oct. 29, 2021) ......................................................5

*Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772, 2015 WL 7960976 (D. Del. Dec. 4, 2015) ...............................5, 6

**RULES**

Fed. R. Civ. P. 45(d) .................................................................................................3

Fed. R. Civ. P. 45(d)(3)(A)(i) ........................................................................ 1, 4, 5, 7

Fed. R. Civ. P. 45(d)(3)(A)(iv) ...................................................................... 1, 4, 6, 7

I.  **INTRODUCTION**

On Tuesday, March 25, 2025, this Court scheduled a motion hearing for Plaintiff's Motion to Appoint Receiver. ECF No. 4, PageID.97. On an emergency basis, the Court scheduled the hearing (which the Court identified as a simple motion hearing and not an evidentiary hearing) for Monday, March 31, 2025, at 10:30 a.m. *Id.* The Court required Defendant to file its response to the Motion by Sunday, March 30, 2025, at 12:00 p.m. (noon). *Id.* Defendant filed its Response one day early, on Saturday, March 29, 2025. ECF No. 10.

The day after Defendant filed its Response and one day before the hearing, on Sunday, March 30, 2025, Plaintiff issued a subpoena to Defendant's COO and president, Bryan Chambers, purporting to require him to appear personally at hearing on Monday morning and produce all documents in his possession regarding funding for Bollinger Motors since January 1, 2025. **Ex. 1**.

Because the Subpoena does not provide for a reasonable time for compliance and would impose an undue burden on Mr. Chambers and Defendant's counsel, as set forth in greater detail below, Defendant respectfully requests that this Honorable Court QUASH the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) and 45(d)(3)(A)(iv).

Should the Court determine an evidentiary hearing is required, it should be set for a future date that allows a reasonable time to comply with the Subpoena, as opposed to the Sunday before a Monday hearing.

## II.     BACKGROUND

On March 24, 2025, Plaintiff filed his Motion for the Appointment of a Receiver (the "<u>Motion</u>").  ECF No. 3.  As Plaintiff's Motion recognizes, Plaintiff bears the burden of establishing the necessity of a receiver, and he should have already had all relevant and supporting information for the Motion *before* filing it.

One day after the Motion, on March 25, 2025, the Court issued a "Notice of Motion Hearing" that set an in-person motion hearing on the Motion to occur on Monday, March 31, 2025, at 10:30 a.m.  ECF No. 4.  The Court's Notice of Motion Hearing does not indicate that there will be an evidentiary hearing.

On March 29, 2025, Defendant timely responded to the Motion, one day in advance of the deadline set in the Court's Notice of Motion Hearing.  ECF No. 10.

On the morning of March 30, 2025, Plaintiff sent a Subpoena to Defendant's counsel requesting the presence of Defendant's COO and President, Bryan Chambers, at the hearing March 31, 2025, 24 hours later.  **Ex. 1**.  The Subpoena also requested that Defendant and its COO / president produce the following documents at the March 31st hearing:

2

1) "Every weekly financial update Bollinger Motors has prepared since January 1, 2025) (the "Weekly Updates");

2) "[A]ny correspondence in your possession from Mullen Automotive regarding funding for Bollinger Motors you have received since January 1, 2025" (the "Correspondence").

Upon information and belief, Plaintiff has previously received the Weekly Updates and has those documents in his possession and control. Moreover, the Weekly Updates contain references to, and attach, privileged communications from outside legal counsel. The Weekly Updates also contain references to the business relationships of the Company and potential business relationships with the Company and third parties that are subject to confidentiality and non-disclosure obligations.

The Communications likely contain the same or similar privileged and confidential information. It is unreasonable and impossible for the Company and the undersigned to gather, review, and evaluate the Communications in advance of the Hearing, let alone produce them in the 24-hour response time provided in the Subpoena, all on a Sunday.

Therefore, Defendant seeks to Quash the Subpoena through this Motion.

### III. LEGAL STANDARD

On a timely motion, the district court where compliance with a subpoena is required may quash or modify the subpoena. Fed. R. Civ. P. 45(d). The Court has

3

authority to quash a subpoena where it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). The Court also has authority to quash a subpoena where it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

## IV. ARGUMENT

### A. The Subpoena Does Not Permit a Reasonable Time for Compliance Under Fed. R. Civ. P. 45(d)(3)(A)(i)

The Court set this "Motion Hearing" on Tuesday, March 25, 2025 and required a response to Plaintiff's Emergency Motion before Sunday, March 30, 2025 (even though, as explained, Defendant filed the Response one day early). Upon receipt of the Company's Plaintiff issued his Subpoena on the Sunday before the scheduled Monday morning hearing. Regardless of whether this matter is classified as an "emergency" or not, serving a Subpoena for documents and appearance at an in-person hearing on the Sunday before a Monday morning hearing does not provide a reasonable time for compliance under Federal Rule of Civil Procedure 45(d)(3)(A)(i). If after argument is presented at the upcoming Motion Hearing, the believes that a ruling on the pending Motion requires the testimony and documents requested by Plaintiff, the Company should be given the appropriate time to respond to the Subpoena, and the Court can set an evidentiary hearing for a future date that allows a reasonable time to object and comply with the Subpoena.

As one district court has explained, "[f]ederal courts have . . . found that seven days [notice] is 'clearly unreasonable, particularly when the 14-day period for

4

serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time.'" *Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772, at *7, 2015 WL 7960976 (D. Del. Dec. 4, 2015) (citation omitted). In *Verisign*, for example, the district court found that a subpoena that "gave defendants one business day and a total of five days to seek protection of documents" was unreasonable. Here, the Subpoeona, which requests both documents and in-person testimony, gives one-day notice, on a Sunday. A Subpoena issued with 0 business days' notice is presumptively unreasonable under Federal Rule of Civil Procedure 45(d)(3)(A)(i). *See, e.g.*, *Solek v. K & B Transp., Inc.*, No. 21-cv-10442, 2021 U.S. Dist. LEXIS 208877, at *4, 2021 WL 504235 (E.D. Mich. Oct. 29, 2021) (quashing a subpoena that required compliance effectively on the same date that it was served, rendering it "essentially impossible" to comply with).

**B. The Subpoena Imposes an Undue Burden on Mr. Chambers and Defendant Under Fed. R. Civ. P. 45(d)(3)(A)(iv)**

The Court is required to quash or modify a subpoena if it imposes an undue burden on a party or the subpoena recipient. *Lyons v. MY Pillow, Inc.*, 2023 Fed. App'x 0506N, 2023 U.S. App. LEXIS 32545, at *4-*5; 2023 WL 8450724 (6th Cir. 2023). *See also Shupe v. Rocket Cos.*, No. 1:21-cv-11528, 2024 U.S. Dist. LEXIS 177490, at *9, 2024 WL 4349173 (E.D. Mich. Sept. 30, 2024) ("Indeed, Civil Rule 45 requires the court to quash or modify a subpoena that subjects a nonparty to undue burden.") (citations omitted).

5

In determining whether an undue burden exists, district courts consider the: (1) relevance of the request; (2) the need of the party for the documents / testimony; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity of documents requested; (6) the burden imposed; and (7) whether the subpoena recipient is a party or non-party. *See, e.g.*, *In re Novo Norodisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D. N.J. 2021). Where a subpoena seeks disclosure of protected, confidential information, that constitutes another basis to quash. *Verisign, Inc.*, 2015 U.S. Dist. LEXIS 167772, at *9.

Here, the Subpoena requires the production of documents and in-person testimony on one day notice (on a weekend). It imposes an undue burden on the Subpoena recipient, Mr. Chambers, and the undersigned counsel. Instead of preparing for the hearing tomorrow, the undersigned has had to expend time drafting this Motion to avoid the undue burden of working to gather and review documents and prepare a witness for testimony on a Sunday for a Monday morning hearing. In addition, as explained, the documents likely require parsing through confidentiality and privilege issues, which simply cannot be done on the Sunday before a Monday morning hearing. And considering that Plaintiff, upon information and belief, is already in possession and control of at least some of the information the Subpoena requests, that further confirms that the Subpoena imposes an undue burden on Mr. Chambers and the Defendant.

## V.     CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Honorable Court QUASH the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) and 45(d)(3)(A)(iv).

    Respectfully submitted:

    HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ *Miles T. Macik*
    Miles T. Macik (P63262)
    James E. Morgan (Fed ID: 90785074)
    Claire E. Montgomery (P87717)
    Attorneys for Defendant
    450 West Fourth Street
    Royal Oak, MI 48067-2557
    (248) 645-1483
    mtm@h2law.com

Dated: March 30, 2025

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED** certifies that on the 30th day of March 2025, the foregoing paper was electronically filed with the Clerk of the Court using the ECF system and to the following:

> H. William Burdett, Jr., Esq.
> Winthrop & Weinstine, P.A.
> P.O. Box 15038
> Lansing, MI 48901
> bburdett@winthrop.com

By: */s/ Miles T. Macik*
Miles T. Macik (P63262)
Attorneys for Defendants

8