UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT BOLLINGER,

        Plaintiff,                        Case No. 2:25-cv-10790

v.                                           Hon. Terrence G. Berg
                                                     Mag. Anthony P. Patti

BOLLINGER MOTORS, INC.

        Defendant.
_____/

**NOTICE OF OBJECTION TO PLAINTIFF'S
APRIL 1, 2025 PROPOSED ORDER**

    Defendant Bollinger Motors, Inc., by and through its attorneys, Howard & Howard Attorneys PLLC, objects to entry of the Plaintiff's Order that was emailed to this Court on April 1, 2025.

    Plaintiff filed an Emergency Motion to Appoint a Receiver on March 24, 2025. ECF No. 3. This Court held an in person hearing on the motion on March 31, 2025. Following the hearing, Plaintiff was "to submit a proposed order to protect Defendants assets." ECF No. 12. Plaintiff's Proposed Order is attached as **Exhibit 1**. Defendant hereby objects to Plaintiff's Proposed Order and requests this Court to enter Defendant's Proposed Order attached as **Exhibit 2,** which Defendant believes properly comports with the Court's rulings and directives from the March 31, 2025 hearing:

Defendant objects to the entry of Plaintiff's Proposed Order specifically in relation to Paragraph 3, Paragraph 4, Paragraph 5, Paragraph 6, and Paragraph 7 as outlined below:

1. Defendant objects to Paragraph 3(b) in Plaintiff's Proposed Order because it is duplicative of Paragraph 2. In addition, this paragraph is overly broad and goes beyond the specific directives of the Court discussed on the record in connection with protecting Plaintiff's Collateral.

2. Defendant objects to Paragraph 4 of Plaintiff's Proposed Order for the following reasons:

*First*, the record reflects a lengthy dispute between the parties as to whether the Company's current for sale inventory of vehicles are secured by the Note and/or Plaintiff's filed UCC-1. The proposed order does not reflect this dispute and should be clarified to reflect that the Court has not ruled on this disputed issue.

*Second*, this Paragraph requires all revenue generated from any sale of the Company's vehicle inventory to be placed in escrow until further order of the Court. This was not ordered by the Court. The sale of these vehicles is the Company's only manner of generating revenue that can be used for any continuing business operations and expenses. Before this lawsuit was filed, the Company was able to use any revenue generated from the sale of its vehicle inventory at fair market value

to fund its business expenses and operations. Defendant submits that this *status quo* should remain, while this disputed claim under the Note and the Collateral that secures the Note is pending, or until the Court rules otherwise at the upcoming evidentiary hearing. At the same time, the proposed order can prohibit the sale, transfer, or encumbrance of the Company's *other* assets, including its production machinery and equipment, intellectual property, and all other assets that secure the Note, until the evidentiary hearing.

3. Defendant objects to Paragraph 5 of Plaintiff's Proposed Order because it goes beyond the adequate protections ordered by this Court and outlined in Paragraph 2. For example, this paragraph prohibits the Company, its officers, employees, Board, or majority shareholder *from taking any action on behalf of the Company without Plaintiff's prior authorization or consent*. This effectively puts Plaintiff, as a minority shareholder, in charge of the Company until further order of the Court. This was simply not ordered by the Court.

4. Defendant objects to subsection (ii) of Paragraph 6 in Plaintiff's Proposed Order to the extent it requires Defendant to provide reports to Plaintiff of all payments made in the ordinary course of business. This reporting obligation was not ordered by the Court. This daily reporting obligation is also unduly burdensome. Lastly, Defendant believes the timing and scope of this reporting obligation goes beyond what Plaintiff is entitled to as a shareholder of the Company, which is

governed by agreements that were not discussed or presented to the Court at the hearing.

5. Defendant objects to Paragraph 7 of Plaintiff's Proposed Order because the Court never ordered Defendant to continue to provide weekly financial reports to Plaintiff. The relief in this paragraph was not requested by Plaintiff or ordered by the Court. The Court only addressed these weekly reports in connection with its ruling on the Motion to Quash Plaintiff's Subpoena (ECF No. 11). The Court noted that the time required for the Company to produce these weekly financial reports, as requested in its subpoena, was not reasonable. However, the Court denied the Motion to Quash and ordered the Defendant produce these weekly reports pursuant to the subpoena in advance of the upcoming evidentiary hearing.

6. Defendant further objects to Plaintiff's Proposed Order to the extent it does not reflect the Court's preliminary ruling on Plaintiff's Emergency Motion to Appoint a Receiver at the hearing. The Court denied the motion without prejudice, subject to an evidentiary hearing to be held, and the Court's denial should be reflected in the Order. Defendant's Proposed Order (**Exhibit 2**) accurately reflects this ruling.

Defendant has prepared a counter Proposed Order, attached as **Exhibit 2** to this Notice of Objection, that it believes accurately reflects the Court's rulings during the March 31, 2025 hearing.

WHEREFORE, for the foregoing reasons Defendant Bollinger Motors, Inc. respectfully objects to the entry of Plaintiffs Proposed Order, **Exhibit 1**, and respectfully requests this Honorable Court to enter its Proposed Order, **Exhibit 2**[1], which accurately reflects the Court's rulings from the March 31, 2025 hearing.

                Respectfully submitted:

                HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ *Miles T. Macik*
    Miles T. Macik (P63262)
    James E. Morgan (Fed ID: 90785074)
    Claire E. Montgomery (P87717)
    Attorneys for Defendant
    450 West Fourth Street
    Royal Oak, MI 48067-2557
    (248) 645-1483
    mtm@h2law.com

Dated: April 2, 2025

---

[1] A copy of Defendant's Proposed Order will be submitted to the Court following the filing of Defendant's objections. Defendant will also email a copy of the Proposed Order to Plaintiff's counsel.

## **CERTIFICATE OF SERVICE**

**THE UNDERSIGNED** certifies that on the 2nd day of April 2025, the foregoing paper was electronically filed with the Clerk of the Court using the ECF system and to the following:

H. William Burdett, Jr., Esq.
Winthrop & Weinstine, P.A.
P.O. Box 15038
Lansing, MI 48901
bburdett@winthrop.com

By: */s/ Miles T. Macik*
Miles T. Macik (P63262)
Attorneys for Defendants

4914-1454-2128, v. 2