# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT BOLLINGER,

        Plaintiff,                      Case No. 2:25-cv-10790

v.                                          Hon. Terrence G. Berg

BOLLINGER MOTORS, INC.        Mag. Anthony P. Patti

        Defendant.

_____/

### **ORDER**

      This matter having come before the Court upon Plaintiff Robert Bollinger's Emergency Motion to Appoint Receiver ("Motion"), brought pursuant to Rule 66 of the Federal Rules of Civil Procedure, for the assets, business, and operations of Defendant Bollinger Motors, Inc ("Bollinger Motors") in the above-captioned action; the Court, upon all the files, records and proceedings herein, hereby issues the following:

      IT IS ORDERED as follows:

      1.      An evidentiary hearing on the Motion is set for _____, 2025.

      2.      Bollinger Motors, its shareholders, partners, agents, representatives, and employees, shall take all actions necessary to secure and safeguard its assets including any and all assets defined as "Collateral" (hereinafter, the "Collateral") in the Amended and Restated Secured Promissory Note dated October 24, 2024

("Note") and to prevent any devaluation, dissipation, loss, transfer, or conversion of the Collateral until further order of the Court;

3. Further, and without further order of the Court, Bollinger Motors, its shareholders, partners, agents, representatives, and employees, shall not:

(a) Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, allowing waste to occur, create a security interest in, or dispose of the whole or any part of the Collateral; and

(b) Engage in any act or fail to take action which will, or which will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the Collateral, or Plaintiff's interest in the Collateral.

4. **Sale Of Vehicles.** Bollinger Motors may offer the Vehicles it currently owns for sale, subject to Plaintiff's consent, which shall not be unreasonably withheld in the event of an arm's length sale to an unrelated or unaffiliated third party, or Court approval to ensure market price and terms. Any proceeds from any such sales shall be placed in escrow and held in escrow pending further order by the Court;

5. **Removal of Property**. Without further order of this Court, Bollinger Motors and its' principals, shareholders, partners, agents, employees, and all other persons acting in concert with them, are restrained and enjoined from: (i) withdrawing, paying or otherwise transferring funds derived from the Collateral,

except to Plaintiff; (ii) removing, disposing of, destroying, concealing, changing, or altering any of the Collateral; and (iii) taking any action on behalf of Bollinger Motors or related to the Collateral without the express consent and permission of Plaintiff.

6. **Payments In The Ordinary Course Of Business**. Notwithstanding the foregoing, Bollinger Motors may continue to make payments in the ordinary course of its business, including payroll, provided that (i) any such payments are necessary for the continued operation of Bollinger Motors; and (ii) that Bollinger Motors will provide reports of such payments to Plaintiff and Plaintiff's counsel on a weekly basis.

7. **Weekly Reports**. Bollinger Motors shall continue to produce its weekly financial reports consistent with its prior weekly financial reports, and it shall provide Plaintiff and Plaintiff's counsel a copy of each new weekly financial report when it is issued.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: _____        _____
                                      DISTRICT COURT JUDGE

31284578v3

3