# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT BOLLINGER,

        Plaintiff,                    Case No. 2:25-cv-10790

v.                                           Hon. Terrence G. Berg
                                             Mag. Anthony P. Patti

BOLLINGER MOTORS, INC.

        Defendant.

_____/

## ORDER

This matter having come before the Court upon Plaintiff Robert Bollinger's Emergency Motion to Appoint Receiver ("Motion"), brought pursuant to Rule 66 of the Federal Rules of Civil Procedure, for the assets, business, and operations of Defendant Bollinger Motors, Inc ("Bollinger Motors") in the above-captioned action; the Court, upon all the files, records and proceedings herein, hereby issues the following:

IT IS ORDERED as follows:

1.     Plaintiff's Motion is denied without prejudice, subject to an evidentiary hearing to be held on a Motion to Appoint a Receiver to be scheduled at a date to be determined by the Court. (the "Evidentiary Hearing").

2.     Until such time as the Court renders its ruling on the Evidentiary Hearing:

A. Bollinger Motors, its shareholders, partners, agents, representatives, and employees, shall take all actions reasonably necessary to secure and safeguard its assets including any and all assets defined as "Collateral" (hereinafter, the "Collateral") in the Amended and Restated Secured Promissory Note dated October 24, 2024 ("Note") and to prevent any devaluation, dissipation, loss, transfer, or conversion of the Collateral. Defendant presently disputes whether the Company's Vehicles offered for sale are secured under the Note as Collateral. This order does not reflect a final ruling on that current disputed issue; and

B. Bollinger Motors, its shareholders, partners, agents, representatives, and employees, shall not transfer, assign, sell, convey, pledge, mortgage, create any further security interest in, or dispose of the Collateral secured by the Note.

3. **Sale of Vehicles.** Bollinger Motors may offer the Vehicles it currently owns for sale at fair market value and may use the proceeds of any such sales only for the purposes set forth in paragraph 4 below;

4. **Payments In The Ordinary Course Of Business**. Notwithstanding the foregoing, Bollinger Motors may continue to take actions and make payments in the ordinary course of its business, including payroll, that are necessary for the continued operation of Bollinger Motors.

3

5. Defendant's Motion to Quash Subpoena (ECF No. 11) is denied for the reasons stated on the record.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: _____

_____
DISTRICT COURT JUDGE