UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT BOLLINGER,**<br><br>Plaintiff,<br><br>v.<br><br>**BOLLINGER MOTORS, INC.,**<br><br>Defendant. | **2:25-CV-10790-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO SEAL**<br><br>**(ECF NO. 18)** |

Robert Bollinger ("Plaintiff") has sued Bollinger Motors, Inc. ("Defendant") for breach of contract. In anticipation of a scheduled Motion to Appoint a Receiver, Plaintiff has moved to seal two documents filed in support of that Motion to Appoint a Receiver. Plaintiff's Motion to Seal, ECF No. 18, argues that those documents should be sealed to protect Defendant's interests, as well as Plaintiff's interest as a secured creditor of Defendant. For the reasons that follow, Plaintiff's Motion to Seal is **GRANTED**.

## I. BACKGROUND

On March 21, 2025, Plaintiff filed a lawsuit against Defendant in this Court, alleging that Defendant owed Plaintiff more than $10,000,000 for breaching the terms of a note for that amount. ECF No. 1, PageID.4-5, PageID.11. On March 24, 2025, Plaintiff then filed an Emergency

Motion to Appoint a Receiver over Defendant. ECF No. 3. Plaintiff alleged that Defendant was insolvent, that Plaintiff was a secured creditor of Defendant with a right to recover collateral from Defendant, and that there was a risk that Defendant would dissipate that collateral if the Court did not appoint a receiver. ECF No. 3, PageID.66-67, PageID.70-72, 75-77.

The Court held a hearing on this Emergency Motion on March 31, 2025. At that hearing, the Court stated that Plaintiff had not yet met its burden for the Court to impose a receiver to govern Defendant. The Court scheduled an evidentiary hearing for May 7, 2025, and allowed the Parties to brief the issue and present evidence and argument over whether a receiver would be necessary and proper. ECF No. 16 (Notice to Appear in Person for Evidentiary Hearing).

On April 22, 2025, Plaintiff filed a renewed Motion to Appoint a Receiver. ECF No. 17. In that renewed Motion, Plaintiff argued that confidential information Plaintiff had received from Defendant in Plaintiff's role as a Qualified Stockholder of Defendant indicated that Defendant is deeply insolvent, such that a receiver should be appointed. ECF No. 17, PageID.276; ECF No. 18, PageID.301.

Also on April 22, 2025, Plaintiff filed a Motion to Seal some of the evidence Plaintiff relies upon in their renewed Motion to Appoint a Receiver. ECF No. 18. Specifically, that information is an in-depth "Weekly Board Update" that Defendant prepared, and Plaintiff's

Declaration in support of the renewed Motion to Appoint a Receiver, which itself relies heavily upon the Weekly Board Update. ECF No. 18, PageID.300-01. This information is referred to as "the Evidence."

## II. STANDARD

> The party seeking to seal records has the heavy burden of overcoming the "strong presumption in favor of openness." To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason.

*Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citations omitted, *citing Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 835 F.3d at 306 (*quoting Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

## III. ANALYSIS

### A. Plaintiff Shows Compelling Interests in Sealing the Evidence

Plaintiff argues that the Evidence "contains highly confidential company information that could significantly impact the operations of

3

[Defendant]." ECF No. 18, PageID.300. Specifically, its disclosure could mean that employees and vendors may not be willing to work in good faith with Defendant. *Id.* at PageID.301. Such third parties would be injured by the disclosure of the Evidence because it could prevent Defendant from being able to continue as a going concern. *Id.* Additionally, the Evidence contains sensitive information about employee actions.

Courts have held that there is a compelling interest in sealing materials which appear to contain confidential business information. *See Suri v. Wells Fargo Bank*, NA, No. 21-10866, 2024 WL 307344, at *2 (E.D. Mich. Jan. 2, 2024)(Michelson, J.). Additionally, courts have recognized a compelling interest in sealing materials where innocent third parties may be affected. *Shane Grp., Inc.*, 825 F.3d at 308. Here, having examined the Evidence, the Court concludes that they do contain confidential business information. Moreover, the Court concludes that because of personal information revealed in the Evidence, the privacy interests of innocent third parties would be harmed by the Evidence being public. Therefore, the Court finds that there is a compelling interest in sealing the Evidence.

    **B.    Plaintiff Shows That the Interest in Sealing Outweighs the Public's Interest in Access**

Plaintiff argues that because the public can understand the nature of their renewed Motion for a Receiver without reviewing the specific

4

confidential information about Defendant, there is only a limited public interest in disclosing the Evidence on the public record. ECF No. 18, PageID.302. Courts find that where the public "can understand the nature of the . . . dispute at issue" without accessing confidential information, the public interest in viewing that information is outweighed by a party's interest in keeping information confidential. *See Wiggins v. Bank of Am., N.A.*, No. 2:19-CV-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020).

Here, the public can understand the nature of the dispute at issue without accessing the Evidence. Plaintiff alleges that Defendant is insolvent and is in such dire financial straits that the Court should appoint a receiver to manage Defendant's affairs. That is the nature of the dispute. While the Evidence is meant to support Plaintiff's allegations, it also contains information which would harm third party rights and reveal confidential business information. Because that creates a compelling interest to seal information, and because the public has no compelling interest in seeing the Evidence, the public interest in disclosure is outweighed by the interest in permitting the Evidence to be sealed at this time.

### C. Plaintiff Shows That the Motion to Seal is Narrowly Tailored

The Court finds that sealing the Evidence in its entirety is narrowly tailored to protect the interests at issue. To be narrowly tailored, the seal

5

must be "no broader than necessary." *Shane Grp., Inc.*, 825 F.3d at 306. Plaintiff argues that their Motion to Seal only covers the Evidence, not "the entirety of financial records regarding [Defendant."

The Court concludes that considering the compelling interests of protecting the Defendant from potential collapse and protecting third parties from being put in a difficult position, sealing the Evidence in its entirety is appropriate. While it is possible that the Evidence could be submitted in a redacted form, the material in the Evidence which supports the Motion to Seal is itself detrimental to those compelling interests. Without sealing all the Evidence, Plaintiff would be hampered in its ability to argue for why a receiver should be appointed. Sealing all the Evidence allows Plaintiff to protect itself—both by protecting Defendant from harmful consequences and by allowing it to fully argue its Motion to Appoint a Receiver—and protect the third parties whose confidential or sensitive information could otherwise be disclosed.

### IV. CONCLUSION

Therefore, pursuant to Local Rule 5.3(b)(C), Plaintiff's Motion to Seal, ECF No. 18, is **GRANTED**.

Accordingly the following documents **SHALL BE SEALED** until further Order of the Court:

The "Declaration of Robert Bollinger," at ECF No. 19, PageID.304-10; and

6

"Exhibit A: Bollinger Motors Weekly Board Update," at ECF No. 19-1, PageID.311-16.

**SO ORDERED.**

Dated: May 5, 2025        /s/Terrence G. Berg
                          HON. TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE